UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:09-cr-352-VMC-SPF

BEN BANE

_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Ben Bane's pro se construed Motion for Early Termination of Supervised Release (Doc. # 689), filed on January 13, 2023. For the reasons that follow, the Motion is granted.

**Discussion**

Pursuant to 18 U.S.C. § 3583(e),

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

In August 2011, Mr. Bane was sentenced to 151 months' imprisonment, followed by three years of supervised release,

1

for health care benefit fraud, conspiracy to commit health care fraud, and fictitious and fraudulent claims for reimbursements from a health care benefit program. (Doc. # 410). A second amended judgment was entered in November 2013. (Doc. # 578). Mr. Bane began his term of supervised release in September 2021 and his term of supervised release is set to expire in September 2024. (Doc. # 694 at 1).

Mr. Bane now seeks early termination of his supervised release. (Doc. # 689). He emphasizes that he is 76 years old and "has several medical conditions requiring constant care and medical cost to him." (Id.). According to Mr. Bane, he is "not a danger in any way to the public" and continued supervision is not necessary under the circumstances. (Id.). Importantly, the probation officer does not oppose early termination of Mr. Bane's supervised release. (Doc. # 694 at 2). The probation officer confirms that Mr. Bane "has recently been diagnosed with serious health concerns, and has had no violations while on supervised release." (Id. at 1).

While the United States opposes early termination because Mr. Bane's $2,500,000 fine has not been completely paid, the Court notes that Mr. Bane's restitution obligation has been paid in full and many of Mr. Bane's assets have been forfeited. (Id.; Doc. # 410 at 7-17). Likewise, as the

government acknowledges, Mr. Bane has paid over $1 million towards his fine. (Doc. # 694 at 1).

In light of Mr. Bane's good conduct on supervised release and the probation officer's consent, the Court agrees that Mr. Bane's supervised release should be terminated early.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Ben Bane's pro se construed Motion for Early Termination of Supervised Release (Doc. # 689) is **GRANTED.** Ben Bane is discharged from supervised release effective immediately and the proceedings in the case are terminated.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of January, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE